LEWIS W. LEACH

*v.*

THE PEOPLE *ex rel.* O. P. Patterson, Collector.

*Filed at Springfield October 6, 1886.*

1. PRACTICE IN THE SUPREME COURT—*extension of time to file record.* After the second day of the term of this court, when twenty days have intervened between the last day of the term at which the judgment appealed from was rendered, and the first day of the next term of this court, it is too late to enter a motion for an extension of the time in which to file a transcript of the record.

2. SAME—*of record showing when court adjourned.* To show how long before the sitting of this court the court from which an appeal was prayed had adjourned, a paper purporting to be a transcript of the record of the

court below was filed, which simply stated when the term of that court commenced, who was present, and that the court adjourned on a certain day, but set out no order of adjournment, and was not certified as being a transcript: *Held*, that it could not be received as evidence of the time such court adjourned.

APPEAL from the County Court of Wayne county.

Messrs. HOPKINS, BELL & GREEN, for the appellant.

Mr. GEORGE HUNT, Attorney General, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court :

Section 72 of the Practice act, as amended by the act of 1879, (Sess. Laws, p. 221,) provides: "Authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court * * * on or before the second day of the succeeding term of said court: *Provided*, twenty (20) days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered, and the sitting of the court to which the appeal shall be taken; but if ten (10) days, and not twenty (20) days, shall have intervened, as aforesaid, then the record shall be filed, as aforesaid, on or before the tenth (10th) day of the succeeding term, otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown." No authenticated copy of the record in this cause was filed in the office of the clerk of this court on or before the second day of the term to which the alleged appeal was taken. On the third day of the term a motion was made for an extension of time, in which to file such copy of the record, but that motion was denied, for the reason it was not made in apt time, as required by the uniform practice in this court. It was not made until after the second day of the term, and it has always been held that is too late. No such

motion will be entertained after the second day of the term, unless in that class of cases where ten days, and not twenty days, have intervened the last day of the term at which the judgment, order or decree appealed from shall have been entered, and the sitting of this court. Afterwards it was suggested that an additional transcript had been filed, which disclosed the fact that ten days, and not twenty days, had intervened the last day of the term at which the judgment appealed from was entered, and the first day of the present term of this court, and the cause was then taken for decision. On looking into what purports to be an additional transcript of the record, it is seen it contains no adjourning order of the court. The paper filed is marked "*placita,*" and simply states when a term of the county court of Wayne county convened, who was present, and that the court adjourned on a certain day. Even that is not certified to be a copy of any record remaining in the office of the clerk of the Wayne county court. Indeed, it is not certified at all. What is called the "*placita*" to a record does not usually state when the court adjourned. That can only be made known by an authenticated copy of the order of adjournment. The transcript of this record contains no adjourning order, so it can not be known, from anything it contains, that ten days, and not twenty days, have intervened the last day of the term at which the judgment appealed from was entered, and the first day of the present term of this court, and as no authenticated copy of the record was filed in the office of the clerk of this court on or before the second day of the term, the statute is imperative the appeal shall be dismissed.

But there is another conclusive reason why the present appeal shall be dismissed. The appeal prayed by the objector was granted on condition he would file an appeal bond, in the sum of $100, within ten days from the date of allowing the appeal. The transcript of the record lodged in the office of the clerk of this court contains no appeal bond whatever.

There is a statement in the transcript, presumably made by the clerk, as follows: "Bond in sum of $100, filed and approved May 27, 1886." That is all the transcript contains in regard to the appeal bond. There can be no appeal unless it is perfected by giving bond as required by the order of the court granting the appeal, and that fact can only be made to appear by a copy of the appeal bond itself. *Pickering* v. *Mizner*, 4 Gilm. 334.

The appeal will be dismissed.

*Appeal dismissed.*