ALEXANDER FLANIGEN *et al.*

*v.*

THE CITY OF EAST ST. LOUIS, for use, etc.

*Filed at Mt. Vernon January 21, 1890.*

APPEAL—*final judgment in the Appellate Court—what so considered.*
Where the Appellate Court reverses the judgment of the trial court and
remands the cause for further proceedings generally, the judgment of
the Appellate Court is not final, and hence not reviewable in this court
on appeal or error.

WRIT OF ERROR to the Appellate Court for the Fourth Dis-
trict;—heard in that court on writ of error to the Circuit Court
of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, pre-
siding.

This was an action brought in the circuit court of St. Clair
county, in the name of the city of East St. Louis, for the use
of William D. Griswold, on the official bond of Alexander Flan-
igen, as treasurer of said city, against him and his sureties,
for failure to pay five certain warrants issued by said city for
street lighting, to said Griswold, against its tax levy for the
year 1886.    The annual appropriation and the tax levy were
made by the city in the month of September, 1886.    One of
the warrants was issued for street lighting done by Griswold
in July, 1886; another for street lighting done in August, 1886;
another for street lighting done in September, 1886; another
for street lighting done in October, 1886; another for street
lighting done in November, 1886.    There were five breaches
assigned in the declaration, one on account of each of the war-
rants. A general demurrer was interposed by the defendants
to the declaration.    The court sustained the demurrer.    The
plaintiff elected to stand by the declaration, and final judg-
ment was given against it and in favor of the defendants.    The
case was taken by writ of error to the Appellate Court for the

Fourth District, and there the judgment of the circuit court was reversed, and the cause remanded.

Mr. A. S. WILDERMAN, and Mr. J. M. HAMILL, for the plaintiffs in error.

Mr. W. C. KUEFFNER, for the defendant in error Griswold.

Per CURIAM: It is claimed by plaintiffs in error that a decision of this case involves the construction of section 12, article 9, of the constitution, prohibiting cities from incurring indebtedness beyond a certain limit, and that the Appellate Court had no jurisdiction to determine the question. On the other hand, it is insisted that the judgment rendered in the Appellate Court was not final, and the writ of error can not be maintained. The statute (Starr & Curtis, p. 1853, sec. 91,) provides for an appeal or writ of error to review a judgment of the Appellate Court in the following cases: "If the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court." Here the judgment was reversed, and the cause remanded for another trial in the circuit court, and hence does not fall within either clause of the statute which authorizes an appeal or writ of error. Whether the Appellate Court had jurisdiction or not does not affect the question. The decision of that court can not be reviewed on appeal or writ of error, unless it has rendered such a judgment as is described in the statute *supra.*

The writ of error will be dismissed.

*Writ dismissed.*