GEORGE W. FANNING *et al.*

*v.*

GEORGE S. ROGERSON *et al.*

*Filed at Springfield November 2, 1892.*

1. APPEALS AND WRITS OF ERROR—*final judgment of Appellate Court defined.* Judgments, orders and decrees of the Appellate Court are final, within the meaning of the statute, when they are such as to put an end to the litigation by determining the rights of the parties therein. This may be done by affirming the judgment, order or decree of the court below, by rendering judgment or decree in the Appellate Court in proper cases, by reversing without remandment, or by reversing and remanding when the judgment or decree of that court is so far conclusive of the rights of the parties, or such directions are given, that nothing remains to be done by the lower court but to carry into effect the judgment or mandate of the Appellate Court.

2. The judgment of the Appellate Court refusing a motion to vacate a judgment reversing the judgment of the lower court and remanding generally, and to dismiss the appeal or writ of error for want of jurisdiction, for the reason that a freehold is involved, is not a final order or judgment which is reviewable in this court on appeal or writ of error.

3. SAME—*only final judgments are reviewable.* It is only the final judgments, orders and decrees of the Appellate Court that are reviewable in this court.

4. The right of appeal and to prosecute writs of error in this class of cases being regulated by statute, it is only in the cases prescribed by the statute that the judgments of the Appellate Court can be reviewed.

5. SAME—*dismissed for want of jurisdiction.* If the Appellate Court, upon any ground, has no jurisdiction to determine a cause, it should at any stage of the case, on motion or *sua sponte*, dismiss the appeal or writ of error; and this is entirely proper after judgment, while the court retains control of the record, by the entry of a proper order vacating the judgment and dismissing the cause.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This is a writ of error to the Appellate Court for the Third Appellate District, to bring in review the judgment of that court on appeal from the circuit court of Sangamon county. It appears that in said circuit court, in a cause therein pending, wherein defendants in error and plaintiffs in error, with others, were defendants to a bill filed by one Epler, praying certain relief against them, defendants in error, filed a supplemental cross-bill against plaintiffs in error and others, and asking certain relief. A demurrer having been interposed to said cross-bill, was sustained, and said cross-bill dismissed. Thereupon, defendants in error (complainants in said cross-bill) appealed from the order dismissing the same, to the Appellate Court, where the decree of the circuit court was, by the judgment of the Appellate Court, reversed, and the cause remanded generally. The judgment of the Appellate Court was rendered November 21, 1890, and on the 2d day of December following, said court still being in session for the term at which such judgment was rendered, plaintiffs in error (appellees in that court) entered their motion in that court for the vacation of such judgment and dismissal of the appeal to that court, upon the ground that it appeared from the record that a freehold was involved, and said Appellate Court was therefore without jurisdiction to hear and determine said cause. On the following day that court entered an order overruling said motion.

This writ of error was at a former term of the court dismissed on motion of defendants in error, for the reason that the judgment of the Appellate Court reversing and remanding the cause was not a final order, and therefore not the subject of review. Plaintiffs in error, within the rule, filed a petition for rehearing, which at the succeeding term was granted, and the question now presented arises upon the motion of defendant in error to dismiss the writ of error.

Mr. GEORGE W. SMITH, and Mr. OSCAR A. DELEUW, for the plaintiffs in error.

Messrs. MORRISON & WHITLOCK, for the defendants in error.

Per CURIAM: It is only the final judgments, orders and decrees of the Appellate Court that are reviewable in this court. (Rev. Stat. sec. 91, chap. 110; sec. 8 chap. 37.) Judgments, orders and decrees of the Appellate Court are final, within the meaning of the statute, only when they are such as to put an end to the litigation by determining the rights of the parties therein. This may be done by affirming the judgment, order or decree of the court below, by rendering judgment or decree in the Appellate Court in proper cases, by reversing without remandment, or by reversing and remanding where the judgment or decree of that court is so far conclusive of the rights of the parties or such instructions are given that nothing remains to be done by the lower court but to carry into effect the judgment or mandate of the Appellate Court. (*Railroad Co.* v. *Healy,* 94 Ill. 416; *Coalfield Co.* v. *Peck,* 98 id. 139; *International Bank* v. *Jenkins,* 104 id. 143; *Harzfeld* v. *Converse,* 105 id. 534; *Anderson* v. *Fruitt,* 108 id. 378; *Jones* v. *Fortune,* 128 id. 518.

It is not contended, however, that the writ of error will lie to bring up for review the judgment or order of the Appellate Court reversing the decree of the circuit court and remanding the cause. Counsel for plaintiffs in error expressly disavow any intention or right, as we understand them, to review that judgment; but it is insisted that the writ may be prosecuted to review the action of the Appellate Court had on the 3d of December, 1890, wherein it refused to vacate its judgment of reversal, and to dismiss the appeal to that court from the court below. The motion of the present plaintiffs in error (appellees in that court) for such order of vacation and dismissal was based upon the assumption that the record showed

that a freehold was involved, and therefore the Appellate Court had no jurisdiction of the cause. It is manifest that the making of the motion subsequently to the entry of the judgment can place the plaintiffs in error in no better position than if it had been interposed to the jurisdiction of the court at an early stage of the case in that court. If that court, for that or any other reason, had no jurisdiction to determine the cause, it should at any stage of the case, on motion, or *sua sponte* have dismissed the appeal, and this would be entirely proper after judgment, while the court retained control of the record, by entry of a proper order vacating the judgment and dismissing the case out of that court. But the refusal of the court to sustain the motion to dismiss the appeal, however well founded, was not a final order, judgment or decree determining the rights of the parties in the cause, nor could it have the effect of rendering the order of reversal final. As said in *Flanigen et al.* v. *City of East St. Louis*, 131 Ill. 444: "Whether the Appellate Court had jurisdiction or not does not affect the question. The decision of that court can not be reviewed on appeal or writ of error, unless it has rendered such a judgment as is described in the statute,"—allowing the appeal or writ of error. (Sec. 91, chap. 110.) There it was insisted that a construction of a provision of the constitution was involved, and therefore the Appellate Court was without jurisdiction. But the judgment of the circuit court having been reversed and the cause remanded for a new trial in the circuit court, it was held that the judgment of the Appellate Court was not final, and therefore not reviewable. So, here, the effect of the judgment of the Appellate Court was simply to send the cause back to the circuit court for answer, and trial upon the merits. It can no more affect the right to prosecute a writ of error that the court committed an error in regard to the matter insisted upon, than would the commission of any other error by the court. The right of appeal and to prosecute writs of error in this class of causes being regulated by

31—142 ILL.

statute, it is only in the cases presented by the statute that the judgments of the Appellate Court can be reviewed.

The motion to dismiss the writ of error in this cause is sus-tained.             *Writ of error dismissed.*