## Heffron v. Rice.

1. PRACTICE IN APPELLATE COURT—*Defective Record.*—Acquiescence in a defective record by an appellee can not be regarded by the court, for the parties can not, by direct stipulation, make or change a record.

2. PRACTICE IN APPELLATE COURT—*Clerk's Certificate.*—A certificate of the clerk that he copies all of the record relating to a particular subject or controversy can not be regarded by the Appellate Court, for the law has not left it to the clerk's judgment what part of the record is material.

3. RECORDS—*Clerk's Certificate.*—The clerk can not certify that an appeal bond was filed, he must copy it. It is not for the clerk, but for the Appellate Court, to determine whether the bond complies with the orders allowing the appeal.

**Memorandum.**—Chancery proceedings. Appeal from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

OSBORNE BROS. & BURGETT, attorneys for appellant.

CURTIS H. REMY, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

Our disposition to reverse the decree in this case is thwarted by the state of the record.

The certificate of the clerk is that it "is a true, perfect and complete transcript of that part of the record designated by the præcipe for record filed as aforesaid."

Turning to the "aforesaid" we find, "To the clerk of said court: You will please make an authenticated transcript of the record in the above entitled cause and insert therein in the following order," and then follow forty-four specific items of orders, pleadings, reports, vouchers, etc. "The above entitled cause" mentioned in the præcipe is J. J. Knickerbocker et al. v. Patrick H. Heffron.

The subject-matter of this controversy is the accounts of Rice as receiver in that suit. We can not too highly commend the thoroughness with which the counsel of the appellant abstracted the case, with an index and cross-references, and giving also in their brief a reference to the place where any fact they allude to may be found. Would that others would do likewise.

But yet there may have been many vouchers and much evidence below, not shown by this record, tending to prove that the allowances to the receiver were right, and still the certificate made by the clerk be true. Chancery cases have often so may branches that there should be some way of bringing before a court of review, all that concerns one

branch, without bringing what concerns only another branch. But there is no provision for so doing.

The second time that Smith v. Brittenham, 88 Ill. 291, 94 Ill. 624, 98 Ill. 188, was before the Supreme Court, that court did say: "So much of the record as is essential to the presentation of what is claimed to be such errors, should only be brought here." But a partial record may in any case be made that would be insufficient to support any affirmative decree, and how can it be told that the part omitted would not supply all defects?

Acquiescence of the appellee can not be regarded, for the parties can not, by direct stipulation, even make or change the record. People v. Wabash, etc., Ry., 11 Brad. 512; Myers v. Manny, 63 Ill. 211; Hughes v. People, 116 Ill. 330.

And could a certificate of the clerk that he copies all of the record relating to a particular subject or controversy be regarded?

Somewhere the Supreme Court has said, in effect, that the law has not left to his judgment what part of the record of a case is material; but where they said it, I am in the condition that Judge Cowen was in Ives v. Van Epps, 22 Wend. 157. In principle it is the same as Pickering v. Mizner, 4 Gilman, 334, holding that the clerk may not certify that an appeal bond was filed, but must copy it; the court above, not he, is to determine whether the bond complies with the order allowing the appeal. Leach v. People, 118 Ill. 157. Tolman v. Dreyer, 50 Ill. 243, is the latest of the numerous cases where this subject has been considered by us. The decree must be affirmed.