## Levy Abt et al. v. American Trust and Savings Bank, Assignee.

1.  CHECKS—*Checks on a New York Bank, Not an Assignment of the Fund.*—Checks drawn in Illinois upon a bank in New York, do not operate as an assignment *pro tanto* of the funds of the drawer in the New York bank.

2.  SAME—*Drawn in Indiana on an Illinois Bank.*—A check drawn in Indiana upon an Illinois bank operates as an assignment *pro tanto* of the fund, because, being drawn upon a bank in Illinois, the effect upon the fund is controlled by the law of Illinois.

Memorandum.—Proceedings under the act relating to assignments for the benefit of creditors. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

APPELLANTS' BRIEF, MOSES, PAM & KENNEDY, ATTORNEYS.

Appellants contended that, although the drafts were payable in New York, and there is no equitable assignment under the New York law, of a fund in the hands of a bank, yet, as the drafts were drawn in Illinois and the fund was now distributable in an Illinois court, the money in the hands of the assignee should be held to respond to the drafts in the nature of an equitable assignment. First National Bank of Cincinnati v. Coates, 8 Fed. Rep. 540; The German Savings Institution v. Adae, 8 Fed. Rep. 106; Roberts v. Corbin, 26 Ia. 314; Fogarties v. State Bank, 12 Rich.

(S. C.) 518; Union National Bank v. Oceana County Bank, 80 Ill. 212; Gardner v. National City Bank, 39 Ohio St. 600; Coates v. First National Bank of Emporia, 91 N. Y. 20; Pease v. Landauer, 63 Wis. 20; Davis v. Adae, 4 Cincinnati Weekly Law Bulletin, 296; Schuler v. Laclede Bank, 27 Fed. Rep. 424; Munn v. Burch, 25 Ill. 35.

APPELLEE'S BRIEF, MORAN, KRAUS & MAYER, ATTORNEYS.

The bank owes no duty to the holder of a check until it is presented for payment; knowledge that checks have been drawn does not render it obligatory upon the bank to retain the deposit to meet them. The later New York decisions hold the same doctrine. See First National Bank v. Clark, 134 N. Y. 368.

Whether or not a draft made and delivered in Illinois upon a bank in New York, operates as a *pro tanto* assignment of a general deposit against which it is drawn, must be determined by the law of New York.

Under the law of New York a check or draft drawn by a general depositor, against his deposit, does not operate as a *pro tanto* assignment of the deposit. Attorney-General v. Continental Life Ins. Co., 71 N. Y. 325; Ætna National Bank v. Fourth National Bank, 46 N. Y. 82; Bank of America v. Indiana Banking Co., 114 Ill. 483; National Bank of America v. Indiana Banking Company, 114 Ill. 483; Pabst Brewing Co. v. Reeves, 42 Ill. App. 154.

Upon the general question as to whether or not the holder of a check has a right superior to that of the assignee of the drawer, appointed after the cheeck was drawn, but of whose appointment the drawee had notice before the check was presented for payment, appellants cite the following cases: First National Bank v. Coates, 8 Fed. Rep. 640; German Savings Institution v. Adae, 8 Fed. Rep. 106; Schuler v. Laclede Bank, 27 Fed. Rep. 434; Gardner v. City National Bank, 39 Ohio St. 600; Roberts v. Corbin, 26 Iowa 314; Fogarties v. State Bank, 12 Rich. (S. C.) 518; Coates v. First National Bank, 91 N. Y. 20; Pease v. Landauer, 63 Wis. 20; Davis v. Adae, 4 Cin. Weekly Bulletin, 296; Munn

v. Burch, 25 Ill. 35; Union Nat. Bank v. Oceana County Bank, 80 Ill. 212.

Mr. Justice Gary delivered the opinion of the Court.

The clerk of the County Court has certified under date October 3, 1894, that the transcript of the record of the County Court is complete " so far as the same relates to the petition of L. Abt & Sons, in the matter of the assignment of Herman Schaffner & Co.," etc.    The appellee has moved to affirm the judgment upon the ground that such a certificate is not good, and cites as specially applicable, Heffron v. Rice, 50 Ill. App. 332.    We do not find it necessary to discuss that question now.

By an additional record filed here December 20, 1894, the clerk certifies a bill of exceptions filed, and an order made December 1, 1894; and that the answer of the appellee is lost, and can not be found.    Whether that helps we do not say.

The case of the appellants is that they bought of Schaffner & Co., checks on a bank in the city of New York, presented them when that bank had funds of Schaffner & Co., enough to pay the checks; that payment was refused; that the funds have come to the possession of the appellee, assignee of Schaffner & Co., under voluntary assignment for the benefit of creditors, and that such checks constitute an assignment of so much of the funds as is necessary to pay the checks.    Upon that ground they ask of the County Court an order that the assignee pay the checks.

Being denied they have appealed.

Without inquiring whether the ground of the claim of the appellant be true in point of fact, we hold that if true, the appellants have no case.

It is conceded that by the law of the State of New York the checks were no assignment *pro tanto* of the funds.    In Indiana the law is the same, yet checks drawn there upon a bank in this State do operate as such assignment, because being drawn upon a bank in this State, the effect of them upon the fund here, is controlled by the law of this State.

Bank of America v. Indiana Banking Co., 114 Ill. 483. If that decision be based upon any principle, and be not a mere partiality for our own laws, the rule laid down by it works both ways, and cuts off the claim of the appellants. The Appellate Court in the second district so understood it in Pabst Brewing Co. v. Reeves, 42 Ill. App. 154, although there was another sufficient reason there given for the decision. The judgment is affirmed.