EDWIN PARDRIDGE

*v.*

MAX MORGENTHAU.

*Filed at Ottawa October 11, 1895.*

| 157 | 395 |
| 159 | 615 |

| 157 | 395 |
| 69a | 185 |

| 157 | 395 |
| 76a | 469 |

| 157 | 395 |
| 175 | 236 |
| 79a | 193 |

| 157 | 395 |
| 181 | 163 |
| 181 | 164 |

| 157 | 395 |
| 90a | 6 28 |

| 157 | 395 |
| 104a | 12 279 |

| 157 | 395 |
| 107a | 4 36 |
| 107a | 6 36 |
| 107a | 4 37 |

1. RECORD—*affidavits no part of record unless incorporated by bill of exceptions.* Affidavits, being no part of the record proper, are not made part thereof by being copied into the record and certified by the clerk, in the absence of a bill of exceptions properly incorporating them.

2. COURTS—*bills of exception cannot be taken from the Appellate Court.* The Appellate Court of Illinois is a court of review, only, and bills of exception cannot be taken from such court in the exercise of its jurisdiction as a court of error.

3. SAME—*ruling upon continuances, etc., by Appellate Court not assignable for error.* In allowing or refusing continuances and granting extensions of time in which to file records, briefs, etc., the Appellate Court is vested with plenary discretion, subject only to section 72 of the Practice act, limiting time of filing records, and error does not lie to its decisions on these matters.

4. SAME—*jurisdiction of circuit court to extend time to file appeal bond.* When the time fixed in an order of the circuit court to file an appeal bond expires, without an extension thereof being made before such expiration, jurisdiction of the court to extend the time is lost.

5. SAME—*time to file bond cannot be extended by the judge out of court.* Extending time to file an appeal bond is a judicial act, which a judge can only do in term time, and when sitting as a court. A judge off the bench is not the court.

6. SAME—*a judge off the bench cannot order appeal bond filed nunc pro tunc.* A judge out of court and off the bench has no power to approve an appeal bond, and direct it to be filed *nunc pro tunc* as of a previous date, within the time fixed by an order of the court, which has expired.

7. SAME—*mere memorandum of a judge is not an order of court.* The orders of a court of record must appear of record, and a mere memorandum made by a judge off the bench is not such an order.

8. APPEALS AND ERRORS—*when Appellate Court may dismiss appeal for want of bond.* The Appellate Court may properly dismiss an appeal, and render judgment against the appellant for costs, (but not affirming the judgment,) where the appeal bond was not filed within the time fixed by order of the trial court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

R. W. LEEMING, A. W. FULTON, and COLLINS, GOODRICH, DARROW & VINCENT, for appellant:

The Appellate Court erred in not granting to the appellant time in which to bring up an amended record. *Jones* v. *Sprague*, 2 Scam. 255; *Bergen* v. *Riggs*, 40 Ill. 62; *Schirmer* v. *People*, id. 68; *Rawley* v. *Hughes*, id. 71; *Vahle* v. *Brackenseik*, 145 id. 235; *Reed* v. *Curry*, 40 id. 74.

The Appellate Court erred in not granting the appellant a continuance, in order that he might secure and file a bill of exceptions. *Heinsen* v. *Lamb*, 117 Ill. 552; *Hake* v. *Strubel*, 121 id. 329.

MORAN, KRAUS & MAYER, for appellee:

The time to file this bond, as shown by the record, expired August 30, 1894, and the jurisdiction of the court to approve the same ended on that date. *Tedrick* v. *Wells*, 152 Ill. 214; 2 Starr & Curtis' Stat. sec. 67, chap. 110; *Hake* v. *Strubel*, 121 Ill. 321; *Wormley* v. *Wormley*, 96 id. 129; *Village of Marseilles* v. *Howland*, 136 id. 81; *Darwin* v. *Jones*, 82 id. 107; *Dickey* v. *Town of Bruce*, 21 Ill. App. 445; *Kenny* v. *Jones*, 37 id. 615; *Winona Paper Co.* v. *Bank*, 33 id. 630; *Leach* v. *People*, 118 Ill. 157; *Meserve* v. *Clark*, 115 id. 580; Elliot on Appellate Proc. sec. 128.

Not only was the order of September 14, 1894, absolutely void and of no effect, but the memorandum on the face of the bond, "Approved as of September 17, A. D. 1894.—October 3, A. D. 1894.—Edmund W. Burke, Judge," was equally nugatory. And this is true, also, even though the memorandum be given the effect of an order. *Ettelson* v. *Jacobs*, 40 Ill. App. 427; *Case* v. *Spiegel*, 44 id. 588; *Rozier* v. *Williams*, 92 Ill. 187; *James* v. *Dexter*, 112 id 489; *Drinkwine* v. *Eauclaire*, 83 Wis. 428.

Nothing can be supplied or injected into the record by affidavits filed in the Appellate Court. The latter court could not look to these affidavits to supply defects in the record of the circuit court. *Kemper* v. *Town of Waverly,* 81 Ill. 278.

The Appellate Court had no control over the record made by the circuit court. *Bergen* v. *Riggs,* 40 Ill. 62.

Having no jurisdiction, the Appellate Court could enter no order in the case other than that of dismissal. *Rozier* v. *Williams,* 92 Ill. 187; *Drinkwine* v. *Eauclaire,* 83 Wis. 428.

Mr. JUSTICE BAKER delivered the opinion of the court:

Max Morgenthau brought trespass in the circuit court of Cook county against Edwin Pardridge, (the appellant,) Joseph Fish, Samuel L. Joseph, Selig Greenbaum and the corporation of Fish, Joseph & Co., and alleged his damages to be $7500. There was service of process upon all of the defendants. The defendants other than appellant interposed pleas, upon which issues were formed, but appellant was defaulted for want of any appearance or plea. A jury were impannelled and sworn to try the issues joined as to the co-defendants of appellant, and "to assess the plaintiff's damages as to the defendant Edwin Pardridge." Pending the trial the appellee dismissed his action against all the defendants except appellant, and assessed the damages as against appellant at $7500, and thereupon the court entered a judgment upon the verdict.

On the last day of the term at which the judgment was rendered the appellant entered a motion for a new trial. At the next succeeding term of the court he made a motion to set aside the default and vacate the judgment, and asked leave to have this latter motion entered *nunc pro tunc* as of the preceding term of court. On July 28, 1894, the court denied the motion to set aside the default and verdict and to vacate the judgment, and at the same

time overruled the motion for a new trial. It appears from the record that on said July 28, 1894, the appellant prayed an appeal from the order overruling the motion for a new trial, and was allowed an appeal to the Appellate Court for the First District, upon condition that he should give and file, within twenty days from the entry of the order, an appeal bond in the sum of $9000, with security to be approved by the clerk of the court, and that on the same day he was given sixty days from the same date within which to present and file his bill of exceptions. It further appears from the record that on August 15, 1894, an order was entered that the defendant have until and on August 27, 1894, to file his appeal bond, and that on August 27, 1894, the time was further extended to August 30, 1894.

The next order that appears of record is under date of September 14, 1894, and is as follows: "On motion of defendant's attorney it is ordered that the time to file the bond herein be and the same is hereby extended five days." And it appears from the record of the circuit court, as certified by the clerk of that court, that the appeal bond was filed in that court on the third day of October, 1894. At the foot of the bond so filed is a memorandum, as follows: "Approved as of September 17, A. D. 1894.—October 3, A. D. 1894.—Edmund W. Burke, Judge."

The record of the circuit court, with assignments of error thereon, was filed by appellant in the Appellate Court on October 3, 1894. On October 8, 1894, appellee filed in the latter court his motion to dismiss the appeal, and specified in the motion the grounds upon which such motion was based, and among these grounds were the following: "First, because the Appellate Court has no jurisdiction to entertain or consider said appeal; second, because no appeal bond was filed by said appellant within the time allowed therefor." Thereupon, on the next day, October 9, 1894, appellant suggested, in writing, a dimi-

nution of the record, and that the clerk of the circuit court had omitted from the transcript the bill of exceptions, and also the "order entered by Judge Hanecy in said court on the 30th day of August, A. D. 1894, extending the time to file the appeal bond to the 17th day of September, A. D. 1894," and moved the court "that this cause be continued until the next term of this honorable court, and that the time for filing briefs and abstract be extended accordingly."

On October 29, 1894, the Appellate Court entered an order and judgment sustaining the motion of appellee to dismiss the appeal, and against appellant for costs. Said order and judgment contains these statements: "And the court, having diligently examined the record filed in said cause, are of the opinion that said appeal bond was not filed in proper time in said cause, therefore it is ordered by the court that said appeal be and the same is hereby dismissed." Thereupon this further appeal was taken, and the material assignments of error upon the Appellate Court record are as follows: That the Appellate Court erred in refusing to grant appellant's motion to continue this cause to the succeeding term; that the Appellate Court erred in refusing to give the appellant time to amend and bring additional record to the Appellate Court; that the Appellate Court erred in dismissing the appeal in the cause and affirming this judgment of the court below.

We find with the transcript of the record of the Appellate Court proceedings, as certified by the clerk of that court, what purport to be true copies of several affidavits filed in said cause in the office of said clerk, and also what are certified by him to be true copies of two certain letters left in his office. These affidavits and letters cannot be regarded as a part of the record, since they are not a part of the record proper, and have not been incorporated into it by any bill of exceptions. The rule is, that affidavits are a part of the record only where they are brought

into it by a bill of exceptions, and that they are not made a part of the record merely by being copied into the record by the clerk and certified by him. This rule has been announced by this court so frequently and in such a long line of decisions, reaching almost or quite from the first organization of the court down to the present time, that there is no necessity for the citation of cases in its support.

The Appellate Courts of this State exercise appellate jurisdiction only, and in large classes of cases the judgments, orders and decrees of those courts are final. Neither at the common law nor by the statute of Westminster, 2 Edward I, ch. 31, was there any occasion or provision for taking a bill of exceptions from a court which was a court of review only, or from a court in the exercise of its jurisdiction as a court of errors, and our statutes have not provided for the giving of a bill of exceptions by the Appellate Courts.

It must be deemed that the Appellate Courts of this State, in the exercise of their jurisdiction, are invested with full and plenary discretionary power in respect to the matters of allowing and refusing continuances of causes upon their dockets, and of granting extensions of time in which to file records, amended, additional or supplemental records, and briefs, except that in cases of appeals the statute, (Practice act, sec. 72,) as judicially construed, limits the times within which the transcripts of the records shall be filed or applications made for extension of time. (*Rager* v. *Tilford*, Beecher's Breese, 407; *Anonymous*, 11 Ill. 487; *Adams* v. *Robertson*, 40 id. 40; *Patterson* v. *Stewart*, 104 id. 104.) Error does not lie to a decision on a matter which is entirely and absolutely discretionary with the court. *Welsh* v. *People*, 17 Ill. 339; 2 Am. & Eng. Ency. of Law, 219, and authorities cited in note.

The fact that all questions of continuance, and of extension of time within which to prepare the case for

submission, are questions addressed solely to the discre-
tion of the Appellate Courts, sufficiently disposes of the
assignments of error that the Appellate Court refused to
continue the cause to the succeeding term, and refused
to give time to amend record and file additional record.
It may, however, perhaps not improperly, be remarked
that the motion that was entered by appellant does not
seem to suggest that there had been an omission by the
clerk to enter of record any order that had been made by
the trial court, or that it was in contemplation to apply
below for an amendment of the record, and that, more-
over, it is not perceived what bearing a bill of the excep-
tions taken on or prior to July 28, 1894, could possibly
have in determining whether the appeal bond herein was
filed in conformity with the orders of the trial court.

The last, in number, of the assignments of error is,
that the Appellate Court erred in dismissing the appeal
in the cause and affirming the judgment of the court be-
low.   The Practice act (section 67) expressly provides
that the party praying the appeal shall give, and file in
the office of the clerk of the court from which the appeal
is prayed, the bond required, "within such time, not less
than twenty days, as shall be limited by the court."
Taking, as we must, the record as it is certified to us
from below, it appears that by means of the original
order and two subsequent orders the time for filing the
appeal bond was finally extended to August 30, 1894.
The bond was not filed within the time as so extended.
Fifteen days after the period fixed for filing it had ex-
pired, the court, on September 14, 1894, assumed to grant
a further extension of five days from the last mentioned
date.   This the court could not do.   It had lost jurisdic-
tion for any such purpose from and after the expiration
of the time last limited, no new extension having been
allowed prior to such expiration.   *Leach* v. *People,* 118 Ill.
157; *Hake* v. *Strubel,* 121 id. 321; *Hawes* v. *People ex rel.* 129

id. 123; *Village of Marseilles* v. *Howland*, 136 id. 81; *Tedrick* v. *Wells*, 152 id. 214.

Besides this, and even assuming that the order made on September 14, 1894, granting an extension of five days from that date within which to file the bond, was a valid order, yet it appears from the record that the bond was not in fact filed until October 3, 1894. It is true, there is, on the face of the bond, a memorandum in writing and signed by one of the judges of the circuit court of Cook county, and dated October 3, 1894, which reads: "Approved as of September 17, A. D. 1894." But the making of an order granting an appeal, and fixing the amount of the appeal bond, and the time within which the bond shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. (*Hake* v. *Strubel, supra.*) And so, also, is the extension of the time for filing the same. *Village of Marseilles* v. *Howland, supra; Hawes* v. *People, supra.*

The time limited for filing the bond had, in any event, expired on September 19, 1894. The judge of the court could not, thereafter, and out of court and off the bench, approve an appeal bond and direct it to be filed *nunc pro tunc* as of September 17, 1894. It may be that under some circumstances the court, during term time and while the court was in open session, might make such a *nunc pro tunc* order; but it must appear upon the record of the proceedings of the court, and should state the reasons to justify the making of the same, and the opposite party or his attorney should have opportunity to be heard upon the matter, and to except to the action of the court, as a court, in the premises. It is to be borne in mind that the judge, when off the bench and not sitting as a court, is not the court. (*Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459.) The orders of a court of record must appear of record. The memorandum here in question is not, and does not purport to be, an order of the court. It does

not even purport to be an order of the judge directing the bond to be filed *nunc pro tunc*. It was not, in fact, filed as of September 17, 1894, and there is nothing from which the presumption that it was filed in due time can arise. The conclusion must be, that since the appeal bond was not given and filed within the time limited by the orders of the court, it was not error to dismiss the appeal. *Wormley* v. *Wormley*, 96 Ill. 129.

In the latter part of this last assignment of error it is claimed that the Appellate Court erred in affirming the judgment of the circuit court. If the court had rendered a judgment of affirmance, it is probable that its action in so doing would have been erroneous. But turning to the record we find that no order of affirmance was made, and that the court merely dismissed the appeal and rendered judgment against the appellant for costs. The assignment of error was undoubtedly made as broad as it is through mere inadvertence.

For the reasons we have herein stated the order and judgment of the Appellate Court are affirmed.

*Judgment affirmed.*