# Phœnix Insurance Co. v. S. A. Hedrick.

1. APPEALS—*Record Should Contain Copy of Bond, and Show Approval Thereof.*—A record filed in this court must contain a copy of the appeal bond, in order that this court may see whether the appeal has been properly perfected, and the record should show that the bond was duly approved within the time fixed by the court.

2. SAME—*Bond Must be Approved and Filed Within the Time Required.*—A defective appeal bond, if approved and filed in apt time, may be amended; but if the bond, whether sufficient or insufficient, is approved or filed after the time fixed by the court, there is an absolute failure to perfect the appeal, which can not be cured.

3. SAME—*May be Dismissed by the Court, of its Own Motion, in a Proper Case.*—The Appellate Court may, of its own motion, dismiss an appeal when the same has not been perfected in accordance with the order of the trial court.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Richland County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Appeal dismissed. Opinion filed March 3, 1897.

LYNCH & BUNCH and R. W. BARGER, attorneys for appellant.

PARKE HUTCHINSON and R. S. C. REAUGH, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The section of the practice act which allows appeals to this court requires that the party praying the appeal " shall, within such time, not less than twenty days, as shall be limited by the court, give and file in the office of the clerk of the court from which the appeal is prayed, bonds in a reasonable amount to secure the adverse party, to be fixed by the court, with sufficient security, to be approved by the court." Practice Act, Sec. 67.

No appeal can be perfected under this section unless the bond is approved, and such approval must be by the court.

Phœnix Insurance Co. v. Hedrick.

Under Sec. 68 of Practice Act, the court may empower the clerk to approve the bond by an order to that effect made at the time when the appeal is prayed, and entered of record.

The record filed in this court must contain a copy of the appeal bond in order that this court may see whether or not the appeal has been properly perfected.  Pickering v. Mizner, 4 Gilm. 334; Leach v. The People, 118 Ill. 157; Heffron v. Rice, 50 Ill. App. 332.

For the same reason the record should show affirmatively that the appeal bond was duly approved within the time fixed by the court.  A defective bond, if approved and filed in apt time, may be amended; but if the bond, whether sufficient or insufficient, is approved or filed after the time fixed by the court, there is an absolute failure to perfect the appeal, which can not be cured by an order *nunc pro tunc*, or in any other manner.  Dingler v. Strawn, 36 Ill. App. 563; Ettelson v. Jacobs, 40 Id. 427; Case v. Spiegel, 44 Id. 588.

The order in this case, as shown by the record, is, that the defendant should give bond within thirty days with security to be approved.  This order confers no power upon the clerk to approve the bond, and the same must be approved by the court under the statute above referred to.  But there is nothing in the record to show that the bond has been approved either by the clerk or the court.  Therefore no appeal to this court has been perfected.

It is well settled by the decisions of the courts, that the Appellate Court may, of its own motion, dismiss an appeal when the same has not been perfected in accordance with the order of the trial court.  Fanning v. Rogerson, 142 Ill. 478; Chicago Sash, Door and Blind Mfg. Co. v. Shaw, 39 Ill. App. 260; C., B. & Q. R. R. Co. v. Evans, Id. 261.

That the proper practice in such case is to dismiss the appeal is shown by Pardridge v. Morgenthau, 157 Ill. 395.

The appeal is dismissed at appellant's costs.