## John Bairstow, Executor, Appellant, v. New York Life Insurance Company, Appellee.

### Gen. No. 14,487.

1. APPEALS AND ERRORS—*how appeal must be perfected.* The effectiveness of the procedure in completing and perfecting an appeal depends wholly upon compliance with the requirements of the statute authorizing it.

2. APPEALS AND ERRORS—*when appeal bond should be filed.* If the order providing for the filing of an appeal bond does not specify the time within which it shall be filed, the same should be filed within 20 days from the date of the order.

3. APPEALS AND ERRORS—*when appeal bond filed too late.* If an appeal bond be not filed within the time required or implied from the order, or within such further time as is granted by order entered within the time provided in the original order for the filing thereof, or within such time as may be further fixed by the court at a time when it has jurisdiction over the judgment, it is too late.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Appeal dismissed. Opinion filed April 20, 1909.

CHARLES B. STAFFORD, for appellant.

O'BRYAN & MARSHALL, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

This suit was brought in the Municipal Court of Chicago, in assumpsit, as one of the first class. The suit is upon a life insurance policy upon the life of James Bairstow who died May 16, 1906. There was a trial before a jury and the court directed a verdict for the defendant. Upon that verdict a judgment was rendered and from that judgment this appeal is prosecuted.

The judgment was entered on January 4, 1908, and at the same time this appeal was prayed. The prayer for an appeal being then allowed the following order

was entered: "Thereupon the plaintiff by his counsel having entered his exceptions herein, now here prays the court for an appeal from the judgment of this court to the Appellate court for the First District of Illinois, which motion is allowed by the court conditioned upon the plaintiff filing herein his appeal bond in the penal sum of two hundred and fifty dollars ($250), together with his bill of exceptions in pursuant to the statutes."

Thereafter nothing was done in the suit or in the prosecution of the appeal until on February 14, 1908, when the following order was made and entered:

"This day come the parties and thereupon file their stipulation herein, wherein 'it is hereby stipulated and agreed that the time to file bond and the report of proceedings in this case, and to file record in Appellate Court, be extended thirty days from the time heretofore allowed, if this stipulation confers jurisdiction' and it is ordered by the court that the time for filing bond and the report of the proceedings herein be and the same is hereby extended thirty days after February 4th, A. D. 1908, accordingly."

On February 28, 1908, an appeal bond was filed and approved and on March 3, 1908, the record was filed in this court.

Appellee has entered a motion herein for a dismissal of the appeal, because of lack of jurisdiction in this court to hear it. In substance two grounds are advanced: (1) that the appeal was not perfected by the filing of an appeal bond in time so as to give this court jurisdiction, and (2) that this court failed to obtain jurisdiction of the appeal because no authenticated copy of the record was filed in the office of the clerk of this court within forty days of the entry of the judgment appealed from, as required by section 22 of the Municipal Court Act as amended in 1907, nor was any order entered in the Municipal Court extending the time for filing such authenticated copy.

An appeal is a statutory proceeding. The statute is the sole source of the existence of the right to appeal and the effectiveness of the procedure in completing

and perfecting the appeal depends wholly upon compliance with the requirements of the statute authorizing it. Fairbank v. Streeter, 142 Ill. 226, 232; O. & M. R. R. Co. v. Lawrence County, 27 Ill. 49, 53. Failure to file the appeal bond within the time limited by the court is fatal to the appeal. Hill v. Chicago, 218 Ill. 178; Pardridge v. Morgenthau, 157 Ill. 395; Heyer etc. v. The Hanson & Van Winkle Co., 92 Ill. App. 226, 227. A motion, for an extension of time, made after the expiration of a period of time previously allowed, comes too late, unless made within the time when the court has jurisdiction of the judgment itself. When, on January 4th, the appeal was prayed, the court made no allowance of time for the filing of a bond except by reference to the statute. Section 22 of the Municipal Court Act provides that, unless otherwise provided, the practice upon appeal from the Municipal Court shall be the same as upon appeal from the circuit courts. There being in that Act no provision as to the time within which the appeal bond must be filed we necessarily resort to the general practice act. We find there, in section 92, that the party praying an appeal "shall, within such time, not less than twenty days, as shall be limited by the court, give and file" a bond. In order to give effect to the order of the Municipal Court in the case at bar, no time whatever being specified, we must and do assume that twenty days, the least period the statute allows, was given to appellant within which to perfect his appeal by giving a bond. No bond was filed within that period of time and when, on February 14, 1908, an application for an extension of time, within which to file a bond, was made the court had lost jurisdiction by the lapse of time. The bond filed and approved on February 28, 1908, did not give this court jurisdiction.

Section 22 of the Municipal Court Act provides that an authenticated copy of the record, in case of appeal, shall be filed in the office of the clerk in this court within forty days after the entry of the judgment

appealed from.  In the case at bar the record was not filed until March 3, 1908, more than forty days after the entry of the judgment.  The point is made by counsel for appellee, in his motion to dismiss, that, therefore, this court has no jurisdiction; but we refrain from expressing ourselves upon that point.  The reasons for our so refraining are that, first, it is not necessary, for the motion to dismiss has been sustained on another ground, and, second, although a different provision of the statute is here in question, yet the principle of the case of Clowry v. Holmes, 238 Ill. 577, may be involved.  This court does not pass upon questions involving the validity of statutes.  But when the Supreme Court has declared the law upon any such question this court follows the law as so declared.

This appeal must be dismissed because no bond was given and filed in time.

*Appeal dismissed.*