**J. R. Newport and Earl L. Cook, trading as J. R. Newport Lumber Company, Appellees, v. John J. McPherson and Ralph T. McPherson, trading as McPherson Brothers, and J. O. Nessen Lumber Company (Garnishee), Appellants.**

**Gen. No. 21,296.**

1. APPEAL AND ERROR, § 1343*—*when it will be presumed that shortest time allowed by statute to file appeal bond was given.* Where no time is specified within which to file an appeal bond, it is assumed that the time given was twenty days, the shortest time allowed by the statute.

2. APPEAL AND ERROR, § 671*—*when basis for order nunc pro tunc allowing filing of appeal bond does not exist.* Where on February 16th, twenty-nine days after allowing the appeal, the court on motion of defendant entered an order *nunc pro tunc* allowing forty days from January 18th in which to file the bond, and the order does not appear to have been made to supply any omission from the record, where the court does not on such later date actually make an order of that character that the clerk omits to enter, there is no basis for an order *nunc pro tunc.*

3. APPEAL AND ERROR, § 723*—*when record must show authority to enter order nunc pro tunc allowing filing of appeal bond.* Facts supporting authority to enter an order *nunc pro tunc,* allowing the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Newport et al. v. McPherson et al., 198 Ill. App. 262.

filing of an appeal bond within forty days, must affirmatively appear of record.

4. APPEAL AND ERROR, § 671*—*when trial court no jurisdiction to extend time for filing bond.* Where the time for filing an appeal bond expires on a certain date, the court has no jurisdiction thereafter, even within the thirty days it retained control over the judgment, to extend the time for filing the bond by a *nunc pro tunc* order.

5. APPEAL AND ERROR, § 667*—*when appeal is not perfected because of defective appeal bond.* Even though an appeal bond is filed within the period designated, if it is not approved as shown by the indorsement of the judge until after such period has expired, there is a failure to perfect the appeal.

6. APPEAL AND ERROR, § 13*—*when right of appeal exists.* The statute granting right to appeal must be strictly complied with, and it manifestly contemplates the approval of the bond before it is filed within the period allowed by the court for such filing.

7. APPEAL AND ERROR, § 667*—*when signature of judge to appeal bond must be affixed.* The procedure with regard to the period during which an appeal bond is filed is not analogous to that which justifies the judge's retention of a bill of exceptions after the period for filing the same before affixing his signature.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Appeal dismissed. Opinion filed March 9, 1916. Rehearing denied March 29, 1916.

ADAMS, CREWS, BOBB & WESCOTT, for appellants.

SOBOROFF & NEWMAN, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

Motion is made by appellees to dismiss the appeal herein, which was prayed and allowed January 18, 1915, from a judgment of the Municipal Court of Chicago rendered the same day. No time was specified within which to file the appeal bond. In such a case it is assumed that the time given was twenty days, the shortest time allowed by the statute. (*Bairstow v. New York Life Ins. Co.*, 148 Ill. App. 186.)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*

On February 16th, twenty-nine days after allowing the appeal, the court on appellants' motion entered an order *nunc pro tunc* allowing forty days from January 18th, in which to file the bond. The order does not appear to have been made to supply any omission from the record. If the court did not on January 18th actually make an order of that character that the clerk omitted to enter, there was no basis for an order *nunc pro tunc* (*Lindauer v. Pease,* 192 Ill. 457), and facts supporting authority to enter such an order must affirmatively appear of record. (*People v. Rosenwald,* 266 Ill. 548.) As, therefore, the time for filing the bond expired twenty days after January 18th, viz., on February 7th, the court had no jurisdiction thereafter, even within the thirty days it retained control over the judgment (*Grubb v. Milan,* 249 Ill. 456), to extend the time for filing the bond. This was settled beyond all question in *Hill v. City of Chicago,* 218 Ill. 178.

But, even if the court had not lost jurisdiction to enter the order of February 16th, and even though the bond was filed February 27th, the last day of the period fixed thereby, still as the bond was not approved (as shown by the indorsement of the judge thereon) until February 28th, forty-one days after January 18th, there was a failure to perfect the appeal, which required the approval as well as the filing of the bond within the time allowed therefor. (*Phoenix Ins. Co. v. Hedrick,* 69 Ill. App. 184.) The statute granting the right of appeal must be strictly complied with (*Hill v. City of Chicago, supra*), and it manifestly contemplates what, so far as we have knowledge, has always been the practice, the approval of the bond before it is filed; and the procedure with regard thereto is not as appellants contend analogous to that which justifies the judge's retention of a bill of exceptions after the period for filing the same before affixing his signature. The appeal will be dismissed.

*Appeal dismissed.*

OPINION ON APPLICATION FOR REHEARING.

, MR. JUSTICE BARNES:  Since entering the order dismissing this appeal appellants have filed a corrected transcript of record showing the bond was approved on February 27th instead of February 28th, and have asked for a rehearing.  While that part of our opinion as to the approval of the bond has no application to the record as corrected, that part of it relating to the want of power to extend the time for filing the bond was controlling of the question, and finding no occasion for changing our views the petition for a rehearing will be denied.

*Rehearing denied.*