## ISADORE PLOTKE

### *v.*

### THE CHICAGO TITLE AND TRUST COMPANY *et al.*

*Opinion filed October 24, 1898.*

PRACTICE—*court may, at same term, approve appeal bond after expiration of time allowed.* After the expiration of the time fixed by previous orders for filing an appeal bond, it is within the discretion of the court, during the same term at which such orders were entered, to approve the bond and order it filed, its action in so doing being, in effect, a further extension of time.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

W. A. MARSH, (G. W. AMBROSE, of counsel,) for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court dismissing appellant's appeal to that court. The record does not show upon what ground the appeal was dismissed, but the only ground suggested in the argument is, that the bond was not filed within the time limited by the trial court.

On January 22, 1898, an order was entered in the county court of Cook county removing appellant as assignee of the Negleys, who had assigned for the benefit of their creditors, and appointing the appellee company as his successor, from which order appellant was allowed an appeal to the Appellate Court on his filing his appeal bond to be approved by the court, within twenty days from that date, and leave was given him to file his bill of exceptions within the same time. On February 9 the time for filing the appeal bond was, by order of court, extended to February 17, at 9:30 o'clock A. M., and on February 11 the time for filing his bill of exceptions was extended to the same time by order of the court. On February 17 the time to file bill of exceptions was, by stipulation and order of court, extended to February 23, at 9:30 o'clock A. M., and on February 23 the time to file bond and bill of exceptions was, by order of court, extended one day. On February 28, as the record shows, appellant presented his appeal bond to the court for approval, and the court examined said bond

and the sureties thereon, and approved it and ordered it to be filed, and it was then filed. In the Appellate Court the appellee's motion to dismiss the appeal was sustained and the appeal dismissed.

Certain affidavits were filed in the Appellate Court, which, as held in *Pardridge* v. *Morgenthau*, 157 Ill. 395, are no part of the record, and cannot be considered.

The appellee contends that the time for filing the appeal bond expired February 18, and that the effect of the order of February 23, extending the time one day, was simply to extend the time from the 17th to the 18th, as the order of the 17th applied only to the bill of exceptions. We are of the opinion that such was not the effect of the order of February 23. Such an order would have been a useless act by the court, as applied to the bond, for the reason that no bond had then been filed and several days had already passed since the 17th. The effect of this order was to extend the time, as to both bond and bill of exceptions, one day from the 23d of February. The case was properly on the docket of the February term for the purpose of settling the bill of exceptions and approving the appeal bond. Both were judicial acts, and the court had jurisdiction of the cause and of the parties for those purposes. Neither the bond nor the bill of exceptions was filed within the time limited by the order of February 23, but, as before stated, the court, acting judicially, on the 28th of the same month, and during the same term, approved the bond and sureties after examining the same, and ordered the bond to be filed. The contention, in effect, is, that the court had no power to do this,—that it had lost jurisdiction of the matter. We cannot so conclude. The term had not ended, and the court had the power to set aside the orders which it had made at the same term and enter others. If the court had no power to enter the order approving the bond and ordering it filed on the 28th, it had no power on the 23d to extend the time which had expired on the 17th. The

effect of the order entered on the 28th was to extend the time, limited by the previous orders, to the 28th, and to approve the bond as then presented. (*Railway Conductors' Benefit Ass.* v. *Leonard,* 166 Ill. 154.) It was discretionary with the trial court to extend the time or not, and had it refused to do so appellant would· have been too late to perfect his appeal, but having made and entered the order which.we hold operated as such extension, the bond was filed within the time limited.

There are expressions in *Pardridge* v. *Morgenthau, supra,* not fully in accord with these views, but they were not necessary to the decision of the case, for there the last extension appeared to have been by the judge out of court, and it has been uniformly held in the cases, many of which are cited in the *Pardridge case,* that extensions of this character are judicial acts and cannot be performed except by the court in session; but we have been referred to no case in this court holding that the court, at a term when it has jurisdiction of the subject matter and the parties, may not make an order such as was made in this case.

No motion was made in the county court to strike the bond from the files, and no objection appears to have been made or exception taken to the order of the court. (See *Village of Hyde Park* v. *Dunham,* 85 Ill. 569, and *Leonard case, supra.*) Nor can we presume, from the record, that appellee had no notice, if, indeed, notice were necessary. As the court had jurisdiction, we must presume, as the record is made up, that its discretion was properly exercised.

We are of the opinion that it was error to dismiss the appeal, and the judgment of the Appellate Court will be reversed and the cause remanded to that court for further proceedings.                    *Reversed and remanded.*