ROSA B. HILL, *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. APPEALS AND ERRORS—*when appeal bond must be filed within time fixed by statute.* If the time within which an appeal bond is to be filed is fixed by statute the requirement is mandatory and jurisdictional, and the court from which the appeal is taken has no power to extend the time.

2. SAME—*effect where statute does not fix time for filing appeal bond.* If the statute does not fix the time for filing an appeal bond but requires the court to fix such time in its order allowing the appeal, the court may, prior to the expiration of the time so fixed, extend the time for filing the bond, but if the time originally fixed has expired, jurisdiction is lost, and the court has no power to extend the time nor approve a bond subsequently filed.

3. SAME—*right of appeal is lost by failure to file bond.* Jurisdiction by the court over its order fixing the conditions of an appeal is retained only until the expiration of the time fixed, and if this time expires without an extension before the appeal bond is filed, the right of appeal is lost. (*Plotke* v. *Chicago Title and Trust Co.* 175 Ill. 234, criticised.)

4. SAME—*extending time to file bill of exceptions does not extend time to file bond.* An order extending the time for filing a bill of exceptions does not operate to extend the time fixed for filing the appeal bond, since the appeal may be perfected either with or without the bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

HORACE G. PARKINS, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants prayed an appeal to this court from a judgment of the county court of Cook county entered at the February term, 1905, confirming a special assessment against their property, and on February 28 an order was entered allowing an appeal upon filing an appeal bond within thirty days and the same time was fixed for filing a bill of exceptions. The time limited for filing the bond expired on March 30, and the time was not extended by any order of the court, but on March 31, after the expiration of the time allowed, a bond was approved by the judge and filed with the clerk of the court. At the March term of said court an order was entered on March 28 extending the time for filing the bill of exceptions up to and including April 1, but the order made no reference to the bond. Appellee has moved to dismiss the appeal for the reason that the bond was not filed within the time limited by the order of the court.

The right of appeal is purely statutory and the statute granting such right must be strictly complied with. In cases where the statute fixes the time within which the appeal bond must be filed the provision is mandatory and jurisdictional, and the court from which the appeal is taken is without power to extend the time. (*Rozier* v. *Williams*, 92 Ill. 187; 2 Cyc. 800; 2 Ency. of Pl. & Pr. 239.) In cases like this one the statute does not fix the time within which the bond must be filed, but requires the court granting the appeal to fix such time by its order allowing the appeal. The provision is, that the party praying the appeal shall, within such time, not less than twenty days, as shall be limited by the court, give and file in the office of the clerk of the court from which the appeal is prayed an appeal bond. If an appeal bond is not filed within the time limited by the court the appeal must be dis-

missed. (*Wormley* v. *Wormley, 96* Ill. 129.) The statute regulating the right of appeal does not, in terms, authorize the court to extend the time limited when the appeal is allowed, but it has been considered that the court retains its jurisdiction over the question until the expiration of the time limited by the order, and may, either at the term when the appeal is allowed, or a subsequent term, before the expiration of the time allowed, extend such time. The same rule has been applied to the bond and the bill of exceptions, and it has been held that the time allowed may be extended where the court has not lost jurisdiction, but if the time fixed in the order as made or extended has expired, the jurisdiction is lost and the act of the court in approving the bond or settling and signing the bill of exceptions is a nullity. (*Hake* v. *Strubel,* 121 Ill. 321; *Village of Marseilles* v. *Howland,* 136 id. 81; *Pardridge* v. *Morgenthau,* 157 id. 395.) In the case of *Pardridge* v. *Morgenthau,* the time for filing an appeal bond had been extended by an original order and two subsequent orders, properly made, to August 30, 1894, and an appeal bond was approved as of September 17, 1894, and filed on October 3. The court said, referring to the orders extending the time to August 30 (p. 401) : "The bond was not filed within the time as so extended. Fifteen days after the period fixed for filing it had expired, the court, on September 14, 1894, assumed to grant a further extension of five days from the last mentioned date. This the court could not do. It had lost jurisdiction for any such purpose from and after the expiration of the time last limited, no new extension having been allowed prior to such expiration." That is the rule where the statute in express terms authorizes this court to extend the time for filing a transcript on appeal, and there seems to be no good reason why it should not apply where express power is not given by any statute.

Counsel for appellants does not dispute the existence of the general rule, but says that this case comes within an exception, for the reason that the order allowing the appeal

and limiting the time to file the bond and bill of exceptions to thirty days extended the jurisdiction of the court to March 30, within the March term; that within the time fixed, the court, on March 28, extended the time for filing the bill of exceptions, and that the order of March 31 approving the bond merely modified the previous order entered at the same term. He relies upon the decision in the case of *Plotke* v. *Chicago Title and Trust Co.* 175 Ill. 234, to maintain his position. In that case the time for filing the appeal bond expired on February 17, 1898, and on February 23 the time to file the bond and bill of exceptions was by order of court extended one day, and on February 28 the appeal bond was approved and filed. Counsel for appellee in that case seem to have conceded that the court had jurisdiction to enter the order of February 23, but contended that its effect was to extend the time only one day from February 17. It was decided that such was not the effect of the order, but the decision was upon the ground that the court, at the February term, having extended the time for filing the appeal bond, might at the same term set aside the order and enter another and different one, and that the approval of the bond amounted to the same thing. In this case there was no order relating to the bond at the March term which the court might during the term set aside, modify or change; but although that case is not precisely the same as this, we are of the opinion that the rule that a court may during a term set aside orders in a pending cause and make new and different ones in their stead was misapplied. Public policy and the interest of litigants demand that the rule previously adopted shall be adhered to, and that where a court, after final judgment, fixes the conditions of an appeal, jurisdiction over the order is retained only until the expiration of the time fixed. If the time for filing an appeal bond has been limited by the court and the time has expired without an extension, the right of appeal has been lost by failure to comply with the condition imposed by the statute. There would be

no protection whatever to purchasers or persons dealing with property which has been involved in litigation, where the record shows that the conditions of an appeal have not been complied with, if the court can afterward grant a right of appeal by entering a new and different order. The exercise of such power would interfere materially with business transactions and the transfer of property and be contrary to the public interest. It is clear that the order extending the time for filing the bill of exceptions could not operate to extend the time for filing the appeal bond. There is no connection between the two, and an extension of the time for settling a bill of exceptions does not extend the time for perfecting an appeal. (*Cook* v. *Cook,* 104 Ill. 98.) The purpose of a bill of exceptions is to make the matters contained in it a part of the record for the purpose of review, either upon writ of error or appeal, and an appeal may be perfected either with or without a bill of exceptions.

The appeal is dismissed.          *Appeal dismissed.*