McDonald v. Greenwood.

--------

## L. A. McDonald, et al. v. Caroline A. Greenwood.

### Gen. No. 12,616.

1. TRANSCRIPT OF RECORD—*when Appellate Court without power to permit filing of.* Where a short record has been filed upon the second day of the term and diminution suggested and leave granted to file an additional transcript, the Appellate Court is without power after the lapse of such extended period to permit a transcript to be filed or further to extend the time for the filing thereof.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Appeal dismissed. Opinion filed January 12, 1906.

LONGENECKER & LONGENECKER, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The judgment of the Superior Court in this case was rendered May 20, 1905. The defendant prayed an appeal, which was allowed, and he filed an appeal bond within the time allowed. He filed in this court October 4, 1905, the second day of the October term, a transcript certified by the clerk of the Superior Court to be a complete transcript of "the short record in the cause," in which the judgment was rendered. This transcript contains only the order overruling defendant's motion for a new trial, judgment, prayer for and allowance of an appeal to this court and the appeal bond. On the day the transcript was filed appellant suggested to this court a diminution of the record and an order was entered in the cause giving him leave to supply, etc., within thirty days. The time so limited expired November 3 and no further transcript was filed within that time nor order made that the time be further extended, but November 4 appellant filed a certified copy of the record of the judgment. Appellee now moves that the appeal be dismissed for failure to file an authenticated copy of the record or the judgment appealed from within the time fixed by law and the order of October 4.

The affidavit of appellant, we think, sufficiently accounts for and excuses his failure to supply the deficiency in the transcript filed October 4 within the time given him by this court. The transcript filed November 4 was filed without leave, but as the October term, 1905, of this court is still in session, we may consider the case as upon motion, after the expiration of the time limited by the order of October 4, for leave to file such transcript, and shall only consider the question whether this court, after the expiration of the time given appellee to supply, etc., by that order, had the power to further extend such time or to permit an additional transcript of the record or any part of it to be filed.

McDonald v. Greenwood.

"An authenticated copy of records of judgment," etc., in section 72 of the Practice Act means an authenticated copy of the records made in the cause in which the judgment is rendered (Gadwood v. Kerr, 161 Ill., 162), and such an authenticated copy of the record of the judgment must be filed by the second day of the succeeding term of this court when, as in this case, the judgment appealed from was entered more than twenty days before such term, or leave must be obtained by that time to supply, etc. In Gadwood v. Kerr, *supra,* it was held that where appellant filed in this court by the second day of the term, only a certified copy of the decree and did not file what purported to be a transcript of the record of the decree appealed from, this court was without power, after the second day of the term, to permit an authenticated copy of the record of the judgment to be filed. If this court has not power after the second day of the term, in a case where the appellant has filed before that day such a transcript as was filed in Gadwood v. Kerr, *supra,* and in this case, to permit a certified transcript of the record of the judgment or decree to be filed, it would seem to follow that where in such case time is given appellant by the second day of the term, to file a transcript of the record within a certain time, that the court is without power after the expiration of the time so limited to permit such transcript to be filed. In Hill v. Chicago, 218 Ill., 178, it was held that where the County Court allowed an appeal upon condition that an appeal bond be filed within a certain time, if within such time a bond was not filed nor an order made extending the time for filing the bond, jurisdiction was lost and the court had afterwards no power to extend the time nor to approve an appeal bond subsequently filed. In the same case the decision in Plotke v. Chicago Title and Trust Co., 175 Ill.; 234, that where at a term an order is made fixing or extending the time for filing an appeal bond the court may, at the same term and after the expiration of the time so limited, set aside the order and enter a new and different one and that the approval of the bond amounted to the same thing, is criticised, and it was said that the rule

that a court may, at the same term, set aside orders and make new and different ones in their stead, was misapplied in that case.

The right of appeal is purely statutory and the statute granting such right must be strictly complied with.

This court has power to make, during the first two days of the term, an order for leave to supply deficiencies in the transcript of the record filed, within a time certain, but if within that time there is not filed what purports to be an authenticated copy of the record of the judgment or decree appealed from, the right of appeal is lost by appellant's failure to comply with the provisions of the statute.

The order of November 10, 1905, will be vacated and the appeal will be dismissed with leave to appellant to withdraw the transcripts, abstracts and briefs filed by him.

*Appeal dismissed.*