## Isaac Pieser, et al. v. Minkota Milling Company.

### Gen. No. 11,971.

1.  BILL OF EXCEPTIONS—*when court without jurisdiction to sign,* etc. Where the time limited for the presentation of a bill of exceptions has expired, the court is without power to settle or sign the same; nor can such court extend the time for such presentation by a *nunc pro tunc* order.

Action in assumpsit with attachment in aid. Appeal from the Circuit Court of Cook County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Rehearing allowed November 28, 1905. Affirmed on rehearing and opinion amended, January 30, 1906.

ALLAN C. & F. W. STORY, for appellants.

CHARLES CHENEY HYDE and CHARLES B. ELDER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in assumpsit with an attachment in aid brought by appellants to recover damages alleged to have been sustained because of a breach by appellee of a contract of warranty. Shortly after the record was filed in this court a motion was made to strike out the bill of exceptions upon the ground that it had not been presented signed, sealed or filed within the time allowed by the Circuit Court. The time originally allowed expired July 22, 1904. August 13th following, which was the last day of that same July term of the Circuit Court, an order was entered *nunc pro tunc* as of July 22nd allowing thirty days additional time for the bill of exceptions. To the entry of this last order appellee's attorneys preserved their exceptions in due form. Subsequently further extensions were allowed and the bill was not signed, sealed nor filed until the 27th of October following.

The motion to strike out is based upon the alleged error in entering the extension order of August 13th after the

expiration of the time originally allowed.   If this order was invalid the subsequent extensions were improper and the motion to strike should be allowed.   When the motion was originally presented we denied it, upon the authority of such cases as Conductors Benefit Assn. v. Leonard, 166 Ill., 154, and Plotke v. C. T. & T. Co., 175 Ill., 234, cited in Provident Savings Life Assurance Society v. King, 117 Ill. App., 556 (on pages 558 and 559).   It may be said parenthetically that the motion to strike the bill of exceptions from the record in the case last referred to was properly denied on other grounds, not dependent upon the doctrine of the Leonard and Plotke cases, *supra*.

We are now asked to reconsider the order overruling appellee's motion to strike the bill of exceptions from the record upon the authority of the recent decision of the Supreme Court in Hill v. City of Chicago, reported in 218 Ill., 178, which it is contended is conclusive in favor of appellee upon the point in controversy.   In that case it appears that an order was entered February 28th allowing an appeal from a judgment rendered at that February term, upon filing an appeal bond within thirty days; and the same time was allowed for filing a bill of exceptions.   The time limited expired March 30th and was not extended by any order of court.   March 31st, however, after the expiration of the time allowed but on the last day of the same term, a bond was approved by the judge and filed with the clerk.   The Supreme Court (p. 181) holds that in Plotke v. Chicago Title & T. Co., 175 Ill., 234, *supra*, "the rule that a court may during a term set aside orders in a pending cause and make new and different ones in their stead, was misapplied. Public policy and the interests of litigants demand that the rule previously adopted shall be adhered to, and that where a court after final judgment fixes the conditions of an appeal, jurisdiction over the order is retained only until the expiration of the time fixed.   If the time for filing an appeal bond has been limited by the court and the time has expired without an extension, the right of appeal has been lost by failure to comply with the condition imposed by the

statute." It·is also said (p. 180) that the same rule has been applied to the bill of exceptions, and that it has been held that "if the time fixed in the order as made or extended has expired, the jurisdiction is lost and the act of the court in approving the bond or settling and signing the bill of exceptions is a nullity."

Applying the views expressed· in that case, it follows that when the order of the Circuit Court in the case at bar was entered August 13th after the expiration, July 22nd preceding, of the time originally allowed for filing the bill of exceptions, the Circuit Court had lost jurisdiction and the subsequent settlement and signing of the bill of exceptions was a nullity. There is therefore no valid bill of exceptions in the record and the motion to strike must be allowed. Without the bill of exceptions the errors assigned on this record cannot be considered and the judgment of the Circuit Court must therefore be affirmed.

*Affirmed.*