ISAAC PIESER *et al.*

*v.*

THE MINKOTA MILLING COMPANY.

*Opinion filed June 14, 1906.*

1. RULES OF COURT—*rule 27 of Appellate Court practice rules construed.* Rule 27 of the Appellate Court practice rules, requiring a petition for rehearing to be filed within ten days after a decision is entered of record, refers to a decision finally determining the cause, and not to prior rulings upon motions made in the case.

2. SAME—*when second motion does not amount to an application for rehearing.* Where a motion in the Appellate Court to strike a bill of exceptions from the transcript is denied and subsequently a final judgment is entered, upon which a rehearing is granted, a second motion, after the rehearing is allowed, to strike the bill of exceptions from the transcript does not amount to an application for a rehearing on the first motion, within the meaning of rule 27 of the Appellate Court practice rules.

3. BILLS OF EXCEPTIONS—*rule as to extending time for present-ing bill of exceptions.* After the term at which final judgment was entered has expired an extension of time to present the bill of exceptions cannot be granted, unless the application for extension is made before the expiration of the period last fixed by the court for presenting the bill. (*Hill* v. *Chicago,* 218 Ill. 178, followed; *Plotke* v. *Chicago Title and Trust Co.* 175 id. 234, distinguished.)

4. SAME—*when motion to strike bill of exceptions from tran-script may be. first made on appeal.* A motion to strike a bill of exceptions from the transcript may be made for the first time in the Appellate Court, where it appears from the transcript that the bill was not presented to the trial court for signature and seal within the time which, under the law, it should have been presented.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. HONORE, Judge, presiding.

D'ANCONA & PFLAUM, for appellants.

CHARLES CHENEY HYDE, and CHARLES B. ELDER, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Appellants sued appellee in the circuit court of Cook county in assumpsit. A trial resulted in a judgment, entered at the June term on June 22, 1904, in favor of appellee. Appellants prayed an appeal on that day to the Appellate Court for the First District, which was allowed upon filing an appeal bond within twenty days and bill of exceptions within thirty days. The bond was filed within the time limited. The time for filing the bill of exceptions expired on July 22, 1904, during the July term of the circuit court. On August 13, being the last day of the July term of the circuit court, no bill of exceptions having up to that time been presented to the judge of the circuit court and no order extending the time for filing a bill of exceptions having been made or applied for prior to that date, an order was entered

in that court *nunc pro tunc* as of July 22, 1904, allowing thirty days additional time for filing a bill of exceptions. To the entry of this order appellee objected. Further extensions of time were thereafter made, and the bill of exceptions was finally presented to the judge of the circuit court and signed and sealed on October 1, 1904, within the period limited by the last extension.

After the case was docketed in the Appellate Court it was assigned to the branch court, and appellee moved that court to strike the bill of exceptions from the transcript of the record on the ground that the order made on August 13, 1904, extending the time for filing the same, was illegal and void. This motion was denied on January 27, 1905, and on November 14 of that year the judgment of the circuit court was affirmed. On November 28, 1905, a rehearing was granted upon the petition of appellants. Thereupon appellee, on January 2, 1906, again moved the court to strike the bill of exceptions from the transcript of the record, basing the motion upon the same reason as that urged in its support when it was originally made. The case of *Hill* v. *City of Chicago,* 218 Ill. 178, having been decided by this court after the original motion was denied, the branch court, on January 30, 1906, entered an order striking the bill of exceptions from the transcript of the record. In the absence of a bill of exceptions the errors relied upon did not appear from the transcript of the record, and the Branch Appellate Court accordingly again affirmed the judgment of the circuit court, and appellants bring the record here for review.

It is first urged that the second motion to strike the bill of exceptions from the transcript of the record amounted to an application for a rehearing of the original motion, and that not having been made within the time limited by the rules of the Appellate Court for the First District, the branch court was without power to consider the motion when presented the second time.

Rule 27 of the rules of practice of the Appellate Court for the First District of Illinois pertains to applications for rehearings, and provides that a petition shall be filed within ten days after a decision is entered of record. We are satisfied from an examination of this rule that the decision therein referred to is a decision finally determining the cause, and the order disposing of the original motion to strike the bill of exceptions was not a decision of that character. There was, therefore, nothing in this rule to prevent the Branch Appellate Court considering this motion when it was the second time presented.

From an examination of the authorities we conclude that the rule in this State in reference to the presentation of a bill of exceptions is this: It must be presented for signature and seal during the term at which the cause is disposed of, or within such further time as shall be limited by the court by an order entered during that term, provided, however, that if the court shall be in session at any succeeding term before the expiration of such further, time, the court may, prior to the expiration of that further time and during such succeeding term, make another order extending the time within which the bill of exceptions may be filed; but if the term at which the cause was disposed of is adjourned, and thereafter the period first fixed for filing the bill expires without an order providing for an extension being made, the court, subsequent to the expiration of that period, is without jurisdiction to make an order extending the time within which the bill may be presented. *United States Life Ins. Co.* v. *Shattuck*, 159 Ill. 610; *Hill* v. *City of Chicago, supra.*

The case last cited is identical in principle with the one at bar, although there the question arose in regard to the filing of an appeal bond, but the power of the court to extend the time within which an appeal bond may be filed is neither greater nor less than its power to extend the time within which a bill of exceptions may be filed.

Appellants rely principally upon the case of *Plotke* v. *Chicago Title and Trust Co.* 175 Ill. 234. That case was, in *Hill* v. *City of Chicago, supra,* distinguished from the case then under consideration, and the same distinction obtains here. It follows that the order of the circuit court made on August 13, 1904, was void.

It is also contended by appellants that the Branch Appellate Court had no power to consider this matter, for the reason that no motion was made in the circuit court to strike the bill of exceptions from the record. In support of this position our attention is called to the cases of *Wilder* v. *House,* 40 Ill. 92, *Underwood* v. *Hossack,* 40 id. 98, *Village of Hyde Park* v. *Dunham,* 85 id. 569, and *Plotke* v. *Chicago Title and Trust Co. supra.* In each of the first three of these cases it did not appear from the transcript of the record but that the bill of exceptions was presented to the judge to be signed and sealed within the time limited by the court, and in the *Plotke case* it appeared from the transcript, under the law as stated in that case, that the appeal bond had been filed in due time. In the case at bar it appeared that the bill of exceptions was not presented to the judge of the court for his signature and seal until after the time within which it should, under the law, have been presented to him. Under these circumstances a motion to strike the bill of exceptions, or a transcript thereof, from the transcript of the record may be properly made and allowed in the Appellate Court, although no such motion has been made in the court in which the bill of exceptions was originally filed.

The judgment of the Branch Appellate Court will be affirmed.                                      *Judgment affirmed.*