## Charles Brenner and Stella Brenner, Appellees, v. Estate of Emily E. Baker, Deceased, and Casey Methodist Church South, of Casey, Illinois, Appellants.

EXECUTORS AND ADMINISTRATORS—*what statute governs time for paying docket fee on appeal.* An appeal to the circuit court from the county court, taken under section 68, ch. 3, of an Act regarding the administration of estates (Cahill's Ill. St. ch. 3, ¶ 69) is governed, in regard to the time for payment of the docket or filing fee, by section 62, ch. 79, Rev. St. 1874, concerning appeals from justice's courts (J. & A. ¶ 6976), as it was before being amended by section 115, art. X, ch. 79 (Cahill's Ill. St. ch. 79, ¶ 116), and therefore it is not necessary that such fee be paid within 20 days after judgment.

Appeal from the Circuit Court of Clark county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed October 25, 1921.

SAMUEL M. SCHOLFIELD, for appellants.

GRAHAM & SNAVELY, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Charles Brenner and Stella Brenner, the appellees, filed in the county court of Clark county a claim for $2,825 against the estate of Emily E. Baker, who died testate. The claim was for board, lodging, washing, mending, care and attention given the deceased for

5 years preceding her decease. A hearing was had on the claim in the county court on the 6th day of December, 1920, and the court allowed to the appellees the sum of $2,530 as of the seventh class, and rendered a judgment, to be paid in due course of administration. An appeal was taken from the judgment by the trustees of the Methodist Church South of Casey, Illinois, one of the legatees under the last will of the deceased, to the circuit court. The appellants filed an appeal bond in the sum of $500 as required by the order of the county court allowing such appeal; also paid the filing or docket fee to the clerk of the circuit court 10 days prior to the first day of the term to which the appeal was taken. At the March term of the circuit court, 1921, the appellees made a motion to dismiss the appeal in said cause on the ground that the docket fee provided for by law for the filing of such appeal had not been paid by the appellants within 20 days from the rendition of the judgment in the county court. The court sustained the motion and dismissed the appeal, and from the order of dismissal an appeal is now prosecuted.

The only question presented on this appeal is whether it is a legal requirement in matters of appeal from the county court to the circuit court to pay the filing fee within 20 days of the date of the judgment to perfect the appeal. The appeal in question is governed by section 68, ch. 3 of an Act in regard to the administration of estates (Cahill's Ill. St. ch. 3, ¶ 69), which was passed and in force in 1872. (Revised Statutes of 1874.) The section referred to, which has not been changed or amended since that time, is as follows: "In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are *now* taken from justices of the peace to the circuit courts, by appellant giving

good and sufficient bond, with security, to be approved
by the county judge; and such appeals shall be tried
*de novo* in the circuit court." *Grier v. Cable,* 159 Ill.
34. It is apparent from the language of the section
referred to that the requirements of the appeal as to
the time and manner of taking the same refer to ap-
peals as they were taken from justices of the peace to
the circuit courts at the time the act became effective,
namely in 1872. The law concerning appeals from jus-
tices of the peace to the circuit court in force at that
time, was as follows: "Appeals from judgments of
justices of the peace and police magistrates to the cir-
cuit or county court  *  *  *  shall be granted in all
cases except on judgments confessed.  *  *  *  The
party praying for an appeal shall within 20 days from
the rendition of the judgment from which he desires
to take an appeal, enter into bond with security to be
approved and conditioned as hereinafter provided,
*  *  *  which bond may be filed in the office of the
justice of the peace rendering said judgment or with
the clerk of the court to which the appeal is taken."
(Section 62, ch. 79, Rev. St. 1874.) There is nothing
in the section referred to which governs this appeal
that requires the docket or filing fee for the appeal to
be paid within 20 days after the rendition of the judg-
ment, or to be paid as a condition precedent to the
right to take such appeal. It is true that by an amend-
ment to this law concerning appeals from justices of
the peace passed in 1919 (section 115, art. X, ch. 79,
Rev. St. 1919, Cahill's Ill. St. ch. 79, ¶ 116), it has been
made necessary to pay the fee provided by law for
filing appeals from justice of the peace as well as the
filing of the bond with security to be approved by the
justice, within 20 days after judgment in order to per-
fect an appeal, but this amendment was not made ap-
plicable to appeals taken from the county court.
Appeals from the county court are therefore still gov-
erned by the requirements of the law of 1872 referred

to. We are of opinion that the court erred in dismissing the appeal in question, because the docket fee had not been paid within 20 days, and the judgment is therefore reversed and the cause remanded for further proceedings in conformity with the statute.

*Reversed and remanded.*