## Winnie Pinkstaff Benson, Appellant, v. Charles Gerhart and Rosa Gerhart, Appellees.

1. COURTS—*power of court to amend order during term.* A term of court is regarded as a unit of time, and any order entered during a term may be changed or amended during such term, but may not be amended thereafter, except in matters of form or for the correction of clerical errors.

2. APPEAL AND ERROR—*jurisdiction of court to extend time for filing bond and to approve same after expiration of original time for filing but during term.* Where the court, during the term in which a judgment appealed from was rendered, extended the time to file an appeal bond, it had jurisdiction to grant such extension and thereafter to approve said bond, filed within such extended time, notwithstanding said time was extended and said bond was approved after the time originally fixed for the filing of the same.

3. APPEAL AND ERROR—*waiver by appellant of right to object to extension of scope of review by failure to object below.* Where a hearing was had in the circuit court, without objection on the part of appellant, upon all of appellee's objections to appellant's report as executrix which had been overruled by the county court, the appellant was precluded from contending, on appeal from the circuit court, that such court was without jurisdiction to consider objections to such report other than those involved in appellant's appeal on the ground that appellee had failed to perfect his appeal.

4. APPEAL AND ERROR—*nonpayment of filing fee as ground for dismissal of appeal from county to circuit court.* Cahill's St. ch. 79, ¶ 116, requiring the payment of the fee for filing appeals from justices of the peace to the circuit court within twenty days after entry of judgment, in order to perfect such appeals, has no application to appeals from the county court, the same being governed by Cahill's St. ch. 3, ¶ 69.

5. WILLS—*bequest of certain amount in liberty bonds as general or specific.* Under a bequest reading: "I devise and bequeath to * * * and to Winnie Pinkstaff Benson One Thousand Dollars in Liberty Bonds * * *," held that the bequest of the liberty bonds was a general legacy and not a specific one.

6. ESTATES OF DECEDENTS—*sufficiency of evidence to warrant reduction of allowance to executrix for funeral expenses.* Evidence on a hearing of objections to the final report of an executrix held to warrant the judgment of the circuit court reducing the credit claimed for funeral expenses from $2,032.75 to $1,500.

7. Estates of decedents—*sufficiency of evidence to warrant reduction of allowance to executrix for monument.* Evidence on a hearing of objections to the final report of an executrix held to warrant a judgment reducing the credit claimed for the erection of a monument from $2,500 to $750.

Appeal by plaintiff from the Circuit Court of Lawrence county; the Hon. Charles H. Miller, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

Gee & Gee, for appellant.

Philip W. Barnes and Shaw & Huffman, for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the court.

Rosa Pinkstaff, of Lawrence county, died testate on October 11, 1921, seized of some 406 acres of land in said county, valued at $39,975, and of personal estate valued at $9,738.18. The second and third clauses of her will are as follows:

"Second. I will devise and bequeath to Ida Norton $500 in cash and to her and her heirs I devise and bequeath Southeast Quarter of the Southeast Quarter of section twenty-four, town five, range eleven west, Crawford county, Illinois.

"Third. I will devise and bequeath to John R. Pinkstaff $300 in cash, to Dora Gerhart $300 in cash, Hershal Pinkstaff $500 in cash, Oka Pinkstaff $1,000 in cash, Rising Sun Christian Church $200 in cash and to Winnie Pinkstaff Benson One Thousand Dollars in Liberty Bonds and after all expenses and a simple monument has been paid for, whatever money remains together with my remaining Bonds and War Stamps to be divided equally between Rose and Charles Gerhart."

By the last clause of said will appellant was appointed executrix thereof, to serve without bond. Appellant qualified as such, and administered upon said

estate. A final report was filed by appellant in the county court of said county, to various items of which appellees filed written exceptions, numbered from 1 to 8 inclusive. Certain of said exceptions were sustained by the court, among which was exception No. 3, as follows:

"3. Excepts to a credit of $2,500 for a monument. The will provides for a simple monument; and this monument does not comply with the requirements of the will or the intention of the said Rosa Pinkstaff, deceased, and destroys the distribution of the personal property under the will and defeats the rights of these objectors, and no permission or authority was asked from the Court or given."

The county court, on hearing, reduced said credit from $2,500 to $750. Appellant prayed an appeal to the circuit court from the order of the county court sustaining said exception. Said appeal was allowed, upon appellant filing a bond in the sum of $100 within twenty days, which said bond was filed within the time specified, and was duly approved by the court.

On the hearing in the circuit court, the said exception No. 3 was sustained, and the allowance for said monument was reduced from $2,500 to $750. In other words, the circuit court affirmed the county court as to its ruling and order thereon. The court also, upon objection by appellees, entered an order reducing the amount of the credit asked for funeral expenses, from $2,032.75 to $1,500, and also held that the bequest to appellant of $1,000 in Liberty Bonds was a general and not a specific legacy. From the judgment of the circuit court sustaining said exceptions, appellant prayed an appeal to this court.

A motion was made in this court by appellees to dismiss said appeal on the ground that the bond fixed by the circuit court was not approved within the time provided in the order granting the appeal.

The record discloses that the judgment of the circuit

court was entered on May 16, 1925, and on that day an appeal was prayed by appellant to this court, and was allowed, upon filing bond in the sum of $500 in 30 days from said date. Said court was adjourned on the 16th day of May until the 27th day of July. On June 20, and without having filed said appeal bond, appellant filed a motion to modify the decree or order of the court of May 16. Upon the convening of court on July 27, the court, on motion of appellees, struck from the files the motion of appellant filed on June 20. Thereupon appellant asked further time in which to file an appeal bond. Said motion was granted by the court, and on the same day said appeal bond was presented and was approved by the court. It is the contention of appellees that inasmuch as appellant did not file her appeal bond within 30 days from May 16, that the court thereafter lost jurisdiction to extend the time in which such appeal bond could be filed.

Inasmuch as the time to file said appeal bond was extended during the term of court in which the judgment appealed from was rendered, the court retained jurisdiction to grant such extension and to approve said bond, notwithstanding that said time was extended and said bond was approved after the expiration of the time originally fixed for the filing of the same.

A term of court is regarded as a unit of time, and any order entered during the term may be changed or amended at such term, but may not be amended after the term, except in matters of form or for clerical errors. *Cook v. Wood,* 24 Ill. 295; *Bushnell v. Cooper,* 289 Ill. 260; *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *People v. Wells,* 255 Ill. 450, 453. The Supreme Court has gone so far as to hold that a trial court retains control over its judgments during the term in which they are entered, to the extent that where an appeal bond has been filed as provided in

the order of the court allowing an appeal, and the same has been approved, that it may set aside the order approving such appeal, and may vacate the judgment and grant a new trial. *Finkelstein v. Lyons,* 250 Ill. 27.

Practically the same question here involved was passed upon by the Supreme Court in *Plotke v. Chicago Title & Trust Co.,* 175 Ill. 234, and in *Pitsch v. Continental & Commercial Nat. Bank,* 305 Ill. 265. In *Plotke v. Chicago Title & Trust Co., supra,* the court, after holding that the approval of an appeal bond and the settling of a bill of exceptions are judicial acts, at page 236 says:

"Neither the bond nor the bill of exceptions was filed within the time limited by the order of February 23, but, as before stated, the court, acting judicially, on the 28th of the same month, and during the same term, approved the bond and sureties after examining the same, and ordered the bond to be filed. The contention, in effect, is, that the court had no power to do this,—that it had lost jurisdiction of the matter. We cannot so conclude. The term had not ended, and the court had the power to set aside the orders which it had made at the same term and enter others. If the court had no power to enter the order approving the bond and ordering it filed on the 28th, it had no power on the 23d to extend the time which had expired on the 17th. The effect of the order entered on the 28th was to extend the time, limited by the previous orders, to the 28th, and to approve the bond as then presented. (*Railway Conductors' Benefit Ass'n v. Leonard,* 166 Ill. 154.) It was discretionary with the trial court to extend the time or not, and had it refused to do so appellant would have been too late to perfect his appeal, but having made and entered the order which we hold operated as such extension, the bond was filed within the time limited."

Appellees rely on the case of *Hill v. City of Chicago,*

218 Ill. 178, as sustaining their contention. An examination of this case will disclose that while the court used language which in a measure supports appellees' contention, it was not necessary for the decision of the matter before the court, and the Supreme Court so held in *Pitsch v. Continental & Commercial Nat. Bank, supra.* The court there says, page 267:

"The case of *Hill v. City of Chicago,* 218 Ill. 178, is cited in support of the last proposition. In that case an order allowing an appeal at the February term of the county court fixed the time for filing the bond at thirty days from the date of the order, February 28. The time expired on March 30, after the expiration of the February term. No bond was filed within the time, but on March 31 a bond was approved by the judge and filed with the clerk, and it was held that the court was without power to extend the time and the right of appeal was lost by failure to comply with the condition. In this case the term at which the decree was entered and at which the statute authorized an appeal to be allowed was still continuing. The court had not lost jurisdiction of the cause, and the order approving the filing of the appeal bond and permitting it to be filed was in effect an extension of the time for filing the bond, which was within the power of the court, and this court has jurisdiction of the appeal."

We therefore hold that the motion to dismiss the appeal should be denied.

It is next contended by appellant that the circuit court was without jurisdiction to pass on any of the exceptions to appellant's report as executrix, other than item 3, for the alleged reason that appellees failed to perfect their appeal.

The original record as filed in this court failed to show that any appeal bond was filed by appellees, appealing from the decision of the county court. Diminution of the record having been suggested, by order of this court a certified copy of the bond filed

by appellees in the county court, praying an appeal from the order of said court overruling certain of the exceptions made by them to said report, was filed as a part of the record in this case. There is no contention by appellant that the bond was not in due form and filed in time. It is contended, however, that said bond is not properly a part of the record here, for the reason it is not shown to have been filed in the circuit court. It is also contended that the record fails to show that appellees had advanced the filing fee.

We do not believe that appellant is in a position to raise this point, for the reason that, without objection on the part of appellant, a hearing was had in the circuit court on all the exceptions made by appellee, and which were overruled by the county court.

In *Grier v. Cable,* 159 Ill. 29, the court at page 31 says: "The circuit court, being a court of general original jurisdiction, is vested by law with jurisdiction of the subject-matter of suits against executors to recover claims against the estates of testators; and it would seem that, where a controversy of that character is brought before that court by the express or tacit agreement of the parties, the court has jurisdiction of both the subject-matter and of the persons of the parties litigant, wholly irrespective of the fact that the litigation was originally commenced before the county court. While consent can not give jurisdiction of a subject-matter to a court not vested by law with such jurisdiction, yet, where the parties appear before a court of competent jurisdiction, and submit to it their controversies for adjudication, the court acquires full power to try the case and render judgment, wholly independent of the character of the original process by which the case is nominally brought within its jurisdiction."

The record in this case discloses that appellant offered her evidence first on the hearing in the circuit

court, and it went to the amount and the propriety of the expenditures for funeral expenses, to which exception No. 2 related, as well as to the item of $2,500 for a monument. The same thing may be said as to the item of $1,000 in government bonds, to which exception No. 1 relates. At no time was any objection raised in the circuit court as to the hearing of any of these matters on the ground that they were not properly before that court on appeal.

On the question of the necessity of payment of the filing fee on an appeal of this character, the Appellate Court for the Third District, in *Brenner v. Baker's Estate*, 223 Ill. App. 470, held that it is not ground for the dismissal of an appeal that the filing fee was not paid within 20 days. In referring to the amendment with reference to appeals from justices of the peace, passed in 1919, the court at page 472 says:

"It is true that by an amendment to this law concerning appeals from justices of the peace, passed in 1919 (section 115, art. X, ch. 79, Rev. St. 1919, Cahill's St. ch. 79, ¶ 116) it has been made necessary to pay the fee provided by law for filing appeals from justices of the peace as well as the filing of the bond with security to be approved by the justice, within 20 days after judgment in order to perfect an appeal, but this amendment was not made applicable to appeals taken from the county court. Appeals from the county court are therefore still governed by the requirements of the law of 1872 referred to."

We therefore hold that the circuit court had jurisdiction of said cause as to the items appealed from by appellees, as well as to the item to which appellant's appeal related.

Exception No. 1 raised the question as to whether the $1,000 given to appellant in Liberty Bonds was a general or a specific legacy. A reading of the provision contained in clause 3 of the will of said de-

ceased clearly discloses that the court ruled properly in holding said legacy to be a general and not a specific one.

In connection with the amount allowed for funeral expenses in connection with the burial of said deceased, we are of the opinion and hold that under the evidence in the record the circuit court was warranted in reducing said amount from $2,032.75 to $1,500.

We have carefully examined the testimony offered by the respective parties in connection with the amount paid for the monument to be placed at the grave of said deceased, and are of the opinion and hold that the court did not err in reducing the amount allowed therefor to $750. The provision in the will of said deceased directed that a simple stone should be erected at her grave, while the evidence clearly shows that the monument so erected was not of that character, but was elaborate and expensive and not in keeping with the estate left by said deceased.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*